FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

98 SEP 28 AM 9: 42

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| CLEO TEAGUE d/b/a<br>INDIAN HILLS GOLF COURSE )<br>)<br>      Plaintiff,     )<br>)<br>vs.                     )<br>)<br>AUTO-OWNERS INSURANCE )<br>COMPANY             )<br>)<br>      Defendant.    )  | Case No. CV 97-TMP-1456-NE<br><br>ENTERED<br>SEP 28 1998 |

## MEMORANDUM OPINION

Before the court[1] is the defendant's Motion for Summary Judgment filed on June 11, 1998. Upon consideration of the record, the submissions of the parties and the relevant law, the court is of the opinion that the motion for summary judgment is due to be granted.

## Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to

---

[1] The parties have consented to the exercise of dispositive jurisdiction by the undersigned magistrate judge, pursuant to 28 U.S.C. § 636(c). See Document No. 26, filed on July 31, 1998. The Court's General Order of Referral dated July 26, 1996, (since superseded by a similar General Order dated May 8, 1998) was the court's order of referral of this case consistent with the consent of the parties.



interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there

-2-

is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, she may not merely rest on her pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movants is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

Undisputed Facts

The essential facts relevant to this summary judgment motion are undisputed. This action arose out of theft of property on August 31, 1996. At the time of the theft, plaintiff Cleo Teague d/b/a Indian Hills Golf Course ("Teague") had purchased a commercial insurance policy from Auto-Owners Insurance Company ("Auto-Owners") in the amount of $30,000, which covered a building occupied as the golf course pro-shop. The policy was in effect from August 31, 1996, to August 31, 1997.

The items stolen from the Indian Hills golf course were a commercial riding greens mower that was used to mow the golf course putting greens and one trailer. It is undisputed that the stolen trailer was not covered by the insurance policy, and the plaintiff is not seeking recovery for the trailer. Teague seeks recovery for payment or replacement of the greens mower and estimates that the cost of replacement is between $11,000 and $15,000.

Auto-Owners submits that the insurance policy issued to Teague expressly excludes coverage of that type of mower, based on Section 2 of the insurance policy, which provides in pertinent part:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

...

1. **Covered Property**

   ...

   b. **Your Business Personal Property** located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises, consisting of the following unless otherwise specified in the Declarations or on the Your Business Personal Property Separation of Coverage form:

   (1) Furniture and fixtures;
   (2) Machinery and equipment;
   (3) "Stock";
   (4) All other personal property owned by you and used in your business;

   ...

2. **Property Not Covered**
   Covered Property does not include:
   ...
   o. Vehicles or self-propelled machines (including aircraft or watercraft) that:

   (1) Are licensed for use on public roads; or
   (2) Are operated principally away from the described premises.

   This paragraph does not apply to:

   (a) Vehicles or self-propelled machines or autos you manufacture, process or warehouse;
   (b) Vehicles or self-propelled machines, other than autos, you hold for sale; or
   (c) Rowboats or canoes out of water at the described premises;

Auto-Owners filed a motion for summary judgment on June 11, 1998, and filed supplemental evidence in support of the summary judgment motion on June 30, 1998, asking this court to grant summary judgment because there is no coverage for the stolen greens mower under Teague's insurance policy. Teague filed a response on July 20, 1998, arguing that the stolen mower is covered under the insurance policy because it was located "within 100 feet" of the pro-shop and therefore Auto-Owners breached its contract by refusing to provide coverage for it.

### Discussion

Under Alabama[2] law, summary judgment is appropriate in a breach of contract action where the contract is unambiguous and the facts are undisputed. See P&S Business, Inc. v. South Central Bell Tele. Co., 466 So. 2d 928 (Ala. 1985). Any consideration of the coverage afforded by an insurance policy begins with the language

---

[2] In diversity case, the choice of law rules of the forum state determine which state's substantive law applies. American Family Life Assur. Co. of Columbus, Ga. v. United States Fire Co., 885 F.2d 826, 830 (11th Cir. 1989). In the instant case, federal jurisdiction rests on diversity, and Alabama is the forum state. Under Alabama choice of law rules, interpretation of insurance contracts is governed by the law of the place of execution. American Nonwovens, Inc. v. Non Wovens Engineering, S.R.L., 648 So. 2d 565, 566 (Ala. 1994). The Auto-Owners Insurance Policy at issue was executed in Alabama; thus, Alabama substantive law controls.

of the policy itself and the court will enforce an insurance policy as written, as long as the language of the policy is clear and unambiguous. See <u>Nationwide Mut. Ins. Co. v. Hall</u>, 643 So. 2d 551 (Ala. 1994); <u>Chamblee v. State Farm Mut. Auto Ins. Co.</u>, 601 So. 2d 922 (Ala. 1992); <u>Wakefield v. State Farm Mut. Auto Ins. Co.</u>, 572 So. 2d 1220 (Ala. 1990); <u>Colonial Life & Accident Ins. Co. v. Collins</u>, 194 So. 2d 532 (Ala. 1967). The Eleventh Circuit has recognized that, in Alabama, "'[a]mbiguities will not be inserted, by strained or twisted reasoning, into contracts where no such ambiguities exist.'" <u>Smith v. Horace Mann Ins. Co.</u>, 713 F. 2d 674, 676 (11th Cir. 1983) (quoting <u>Billups v. Alabama Farm Bureau Mut. Caves. Ins. Co.</u>, 352 So. 2d 1097, 1102 (Ala. 1977). Whether a clause in an insurance policy is ambiguous is a question of law. <u>American & Foreign Ins. Co. V. Tee Jays Manuf. Co. Inc.</u>, 699 So. 2d 1226 (Ala. 1997); <u>First Mercury Syndicate, Inc. v. Franklin County</u>, 623 So. 2d 1075, 1076 (Ala. 1993). The terms in an insurance policy are to be given a "rational and practical construction," <u>Anderson v. Brooks</u>, 446 So. 2d 36, 38 (Ala. 1984), and construed in light of "the interpretation ordinary men would place on the language used therein." <u>Liggans R. V. Center v. John Deer Ins. Co.</u>, 575 So. 2d 567 (Ala. 1991) (citing <u>Quick v. State Farm Mutual Ins. Co.</u>, 429 So. 2d 1030, 1033 (Ala. 1983). The words are given

the meaning that "persons with a usual and ordinary understanding" would place on the words. Cashatt v. State Farm Mutual Ins. Co, 510 So. 2d 831, 833 (Ala. Civ. App. 1987); Universal Underwriters Ins. Co. v. Marriott Homes, Inc., 238 So. 2d 730, 732 (Ala. 1970). Furthermore, in Alabama, "[a]bsent public policy considerations that dictate a contrary result, courts will not, in order to create a new contract for the parties, ignore express provisions of a policy, including exclusionary clauses or terms limiting the insurance company's liability." Gardner v. Cumis Ins. Soc., Inc., 582 So. 2d 1094, 1095-96 (Ala. 1991); see also Altiere v. Blue Cross & Blue Shield of Ala., 551 So. 2d 290, 292 (Ala. 1989) (citing Turner v. United States Fidelity & Guaranty Co., 440 So. 2d 1026 (Ala. 1983). Finally, in Alabama, "insurance companies are entitled to have their policy contracts enforced as written ...." Gregory v. Western World Ins. Co., 481 So. 2d 878, 881 (Ala. 1985); see also Best v. Auto-Owners Ins. Co., 540 So. 2d 1381 (Ala. 1989); Taber v. Nationwide Mut. Ins. Co., 447 So. 2d 698, 700 (Ala. 1984).

In this case, applying the plain meaning of the exclusionary language in the insurance contract, and construing all the evidence in a light most favorable to Teague, no reasonable jury could find that the insurance contract between Teague and Auto-Owners does not exclude coverage for the greens mower under the "self-propelled"

vehicle exclusion. This court finds that the language of the contract is clear and unambiguous when the words are assigned their "usual and ordinary" meanings. Certainly, the mower was a "self-propelled machine." The question is whether it was "operated principally away from the described premises." Since the described premises consisted only of the building used as a pro-shop, and not the golf course in general, it is plain that the mower fell within the exclusion. Being used to mow greens, all of which were "away" from the pro-shop building (although on the golf course), it was a self-propelled machine used principally away from the covered building. Consequently, the mower was expressly excluded from coverage.

 The plaintiff argues that the mower should be covered under the insurance contract because it was located "within 100 feet" of the golf course pro-shop as stated in the contract under "Covered Property - Your Business Personal Property." The "100 feet" provision does not apply, however, if the stolen item is specifically excluded from coverage. In the instant case, the mower was excluded in the contract under "Property Not Covered ... vehicles or self-propelled machines ... that ... are operated principally away from the described premises" and it was not specifically listed under the itemization of the "Outdoor Property"

-10-

that is covered. To have a mower that was "within 100 feet of the described premises" covered under the insurance policy, Teague would have had to specifically itemize the mower and purchase additional insurance which he did not. Because the mower was excluded under the self-propelled vehicle provision and additional insurance was not purchased, it does not matter whether it was within 100 feet of the pro-shop.

Accordingly, the defendant's motion for summary judgment is due to be and is hereby GRANTED. By separate order, the court will grant the motion for summary judgment and will dismiss the action without prejudice.

DONE this 28th day of September, 1998.

_____
T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE